Marytza J. Reyes (SBN 218684)
  reyes@sanchez-amador.com
Jessica M. Iglesias (SBN 280484)
  iglesias@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, 11th Floor
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Jacobs Engineering Group Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RAQUEL MARTIN, an individual,<br><br>     Plaintiff,<br><br>     v.<br><br>JACOBS ENGINEERING GROUP INC., a corporation and DOES 1 THROUGH 25, inclusive,<br><br>     Defendants. | Case No. 2:22-CV-06240<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>*[Los Angeles Superior Court Case No. 22STCV23541]* |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF RAQUEL MARTIN AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Jacobs Engineering Group Inc. ("Jacobs") removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## PROCEDURAL BACKGROUND

1. On July 21, 2022, plaintiff Raquel Martin ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Raquel Martin v. Jacobs Engineering Group Inc., et al.*, which was assigned

424776.1

case number 22STCV23541 (the "State Court Action"). The Complaint asserts claims for: (1) Discrimination – Race; (2) Retaliation; (3) Wrongful Termination; and (4) Violation of California Labor Code 1102.5.

## TIMELINESS OF REMOVAL

2.     On August 4, 2022, Plaintiff personally served the State Court Action Summons, Complaint, and other case-related documents on Jacobs' agent for service of process.  True and correct copies of the Summons, Complaint, and other case-related documents are attached as **Exhibit A** to this Notice of Removal.

3.     On August 9, 2022, Plaintiff filed Proof of Service of Summons & Complaint and related documents. A true and correct copy of the Proof of Service is attached as **Exhibit B** to this Notice of Removal.

4.     On August 31, 2022, Jacobs filed its Answer to Plaintiff's Complaint in Los Angeles County Superior Court.  A true and correct copy of Jacobs' Answer is attached hereto as **Exhibit C**.

5.     Pursuant to 28 U.S.C. § 1446(a), Exhibits A, B, and C constitute all the pleadings that have been served in this action as of the date of the filing of this Notice of Removal.  No other process, pleadings, or papers have been served and no further proceedings have been held.

6.     Defendants "Does 1-100" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action.

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of the Complaint's service upon Jacobs. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

7.     Basis of Original Jurisdiction.  Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed.  *See, Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004).  Jacobs is entitled

to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Jacobs pursuant to the provisions of 28 U.S.C. § 1441(b), because: (1) it is a civil action between citizens of different states, as Plaintiff is a citizen of California, and Jacobs is a citizen of Texas and Delaware; and (2) it involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

8.    Citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 1184. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

9.    At all times on or after the date this action was filed, Jacobs has been a citizen of the states of Texas and Delaware. Jacobs has its principal place of business in Dallas, Texas, as that is the location of its headquarters and where it centrally manages its executive and administrative operations.  Declaration of Cheryl Rimas ("Rimas Decl.") ¶ 3. In addition, as a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Jacobs is incorporated in the State of Delaware.

3
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Rimas Decl. at ¶ 4. Accordingly, for purposes of determining diversity, Jacobs is regarded as a citizen of Texas and Delaware.

10.    Citizenship of Plaintiff.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a citizen of the State of California because it is where she resides and intends to remain. Plaintiff is a resident of California. Compl. ¶ 1. Plaintiff worked for Jacobs from August 6, 2018 until December 1, 2020 and was assigned to Jacobs' Irvine, California office. Declaration of Dione Mitchell ("Mitchell Decl.") ¶¶ 3-4. Plaintiff's last known address is in Long Beach, California. *Id*. ¶ 3.

11.    Doe Defendants are Disregarded for Purposes of Removal. Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the Complaint, and the citizenship of "Doe" defendants is disregarded for the purposes of removal. 28 U.S.C. § 1441(a*); McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).

12.    Accordingly, the minimal diversity of citizenship requirements under 28 U.S.C. § 1332(d)(2) are met because Jacobs is a citizen of Texas and Delaware while Plaintiff is a citizen of California.

13.    The Amount in Controversy in this Civil Action Exceeds $75,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Jacobs is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).  Jacobs can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum.  *Singer*, 116 F.3d at

424776.1

4

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

377; *Conrad Assoc.*, 994 F. Supp. at 1198.  In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy.  *Id*.

14.    Lost Wages.  Plaintiff claims substantial losses in earnings and other employment benefits.  Compl. ¶¶ 26, 36, 44, 52, and Prayer. Plaintiff's annual salary at the time of the termination of her employment on December 1, 2020 was approximately $141,142.68.  Mitchell Decl. ¶ 4.  By the time this matter goes to trial in approximately September 2023, Plaintiff's estimated lost wages will be approximately $388,142.37.

15.    Non-Economic Damages.  Plaintiff seeks non-economic damages for alleged emotional distress.  Compl. ¶¶ 27, 38, 45, 53, and Prayer.  Plaintiff's purported non-economic damages increase the amount in controversy above the $75,000 threshold.  *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (affirming removal of bank employee lawsuit, even though employee earned less than $75,000 per year, because emotional distress damages in a FEHA claim could reasonably be assumed to add enough to her lost wages to exceed the jurisdictional amount); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (plaintiff's employment discrimination claim exceeds the federal jurisdictional minimum, even though the lost wages at the time of removal were just $26,500, because Plaintiff sought emotional distress damages, punitive damages, and attorney's fees under FEHA) (emphasis added).

16.    Attorneys' Fees.  Plaintiff also seeks to recover attorneys' fees.  Compl. ¶¶ 29, 39, 47, 55, and Prayer.  Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that Plaintiff could recover more than $100,000 in attorneys' fees.

17.   Punitive Damages.  Additionally, Plaintiff seeks to recover punitive damages.  Compl. ¶¶ 28, 37, 46, 54, and Prayer.  Punitive damages are also included in calculating the amount in controversy.  *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also*, *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994); *White v. FCI USA, Inc.*, 319 F.3d 672, 674-676 (5th Cir. 2003).

Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

**VENUE**

18.   Venue is Proper. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**JACOBS HAS SATISFIED ALL OTHER REMOVAL REQUIREMENTS**

19.   In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Jacobs are attached as Exhibits to this Notice.

20.   In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. Notice of compliance shall be filed promptly afterward with this Court.

21.   As required by Federal Rule of Civil Procedure 7.1, Jacobs concurrently filed its Certificate of Interested Parties.

22.   Finally, in the event this Court has any question regarding the propriety of this Notice of Removal, Jacobs requests that the Court issue an Order to Show

424776.1

Cause so that Jacobs may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Jacobs removes the above-captioned action to the United States District Court for the Central District of California.

DATED:  September 2, 2022

SANCHEZ & AMADOR, LLP

/s/ Jessica M. Iglesias
Marytza J. Reyes
Jessica M. Iglesias
Attorneys for Jacobs Engineering Group Inc.