Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2022 09:28 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Armen Tamzarian

Anita Grace Edwards (#189468)
LAW OFFICES OF ANITA GRACE EDWARDS
3811 Long Beach Blvd. Suite A
Long Beach, Ca 90807
Telephone: (562) 490-3825

Attorney for Plaintiff, Raquel Martin

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RAQUEL MARTIN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JACOBS ENGINEERING GROUP, INC., a<br>corporation and DOES 1 THROUGH 25,<br>inclusive,<br><br>Defendants | Case No.: 22STCV23541<br>Assigned for All Purposes to:<br><br>COMPLAINT FOR DAMAGES:<br>1. DISCRIMINATION – RACE (Violation of Government Code §12940(a))<br>2. RETALIATION (Violation of Government Code §12940(h))<br>3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>4. VIOLATION OF CALIFORNIA LABOR CODE §1102.5 |

Plaintiff **RAQUEL MARTIN** ("Plaintiff") alleges as follows:

1.      Plaintiff is a resident of Los Angeles County, California

2.      Defendant, Jacobs Engineering Group, Inc, ("JACOBS"), a Texas corporation that does business in Los Angeles County, California, is an engineering consulting company that procures contracts from various governmental agencies and private companies for engineering consulting services to water treatment, waste and energy plants; transportation agencies; and building and architecture companies. JACOBS at all relevant times herein, JACOBS employs more than one hundred (100) employees in Los

COMPLAINT FOR DAMAGES

- 1

Angeles County and is engaged in interstate commerce within the meaning of California Government Code §12926.

3. The true names and capacities of Defendants named herein as DOES 1-25, inclusive, whether individual, corporate, associate, or otherwise, are currently unknown to Plaintiff who therefore sues such Defendants by such fictitious names pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as alleged herein. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each Defendant was the successor in interest, agent, servant, employee, co-venturer, and co-conspirator of each of the remaining Defendants, and, at all times herein mentioned, was acting within the course, scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy.

5. In approximately 2018, JACOBS acquired CH2M Hill, an engineering consulting company. As a result of this acquisition, JACOBS inherited diverse network groups, including Harambe [an African American network], and a more diverse workforce.

6. At all relevant times herein, Plaintiff is an African American female, with brown skin complexion, over the age of forty years.

7. On or about August 6, 2018, JACOBS hired Plaintiff as a Senior Recruiter for the Americas, Building & Infrastructure (known as BIA). At that time, JACOBS assigned Plaintiff responsibility for all talent recruitments for BIA in California. Plaintiff reported directly to Nicole Lovell ("Lovell"), Director of Talent Acquisition for BIA. During Plaintiff's employment, JACOBS did not provide Plaintiff any quotas or matrix to govern her performance.

8. In or about October 2018, Plaintiff began reporting to Kim Loner ("Loner"), a Caucasian female, Talent Acquisition Manager for BIA in the West, including the Southwest and New Mexico. Plaintiff was the only African American recruiter who reported to Loner, who was physically located in Texas. Loner was not very receptive of Plaintiff compared to non-African American recruiters that

COMPLAINT FOR DAMAGES

- 2

reported directly to Loner. Loner did not make any effort to meet Plaintiff in person or to get to know plaintiff. Plaintiff did not physically meet Loner until a year later when Loner came to Orange County for a business meeting.

9. In January 2019, Loner hired Katelyn Barber ("Barber"), a Caucasian female, as a senior recruiter. At that time, Barber was primarily responsible for recruitments in Colorado, Nevada and Mexico while Plaintiff was primarily conducting recruitments in California.

10. As a Senior Recruiter for JACOBS, Plaintiff was very involved in diversity recruitment, which included recruiting at National Society of Black Engineers (NSBE). Plaintiff served as a talent and acquisition lead for Harambee. At the request of JACOBS, whose goal should be to comply with the Office of Federal Contract Compliance Program ("OFCCP") guidelines, Plaintiff successfully recruited a number of diverse engineers for JACOBS. However, during Plaintiff's efforts to recruit a more diverse workforce, Plaintiff observed that African American candidates would undergo a more stressful and unfair interview process. Additionally, Plaintiff knew of many instances where positions were advertised but JACOBS had already decided what person would fill the open position. In most cases, JACOBS had already chosen Caucasians to fill these open positions.

11. In or about March 2020, JACOBS implemented a hiring freeze. However, JACOBS continued to recruit for positions that were directly billable to its clients. On the other hand, hiring requisitions for overhead positions (i.e., Strategic Positions) were rarely considered during the hiring freeze. These positions were tasked with bringing in business for JACOBS and were not directly billable to JACOBS' clients.

12. In or about June 2020, during the aftermath of the "George Floyd" protests across the United States, JACOBS' employee network groups, including Harambee, hosted meetings where courageous conversations, regarding race relations, took place. Plaintiff participated in many of these conversations. While JACOBS' employees were encouraged to speak out during these meetings, Loner was not supportive of diversity in the workplace. Instead, Loner directed Plaintiff to make sure that any efforts to ensure diversity in the workplace does not cause reverse discrimination.

13. In or about June 2020, Lovell held a global Talent Acquisitions meeting where she referred to the "George Floyd" protests as "riots." Plaintiff, who was present at this meeting, was offended by

COMPLAINT FOR DAMAGES

- 3

Lovell's derogatory reference. Consequently, Plaintiff sent an email to Lovell, adamantly opposing the use of what Plaintiff believed was a racially derogatory term to describe what was a peaceful protest by African Americans on race relations in America.  Lovell responded to Plaintiff's email with an apology.

14.    Subsequent to Lovell's apology, Lovell and Loner reduced Plaintiff's responsibilities. Plaintiff was then directed to give all her requisitions for new hires in California to Barber and to focus only on "Strategic Positions," which was odd because JACOBS had supposedly implemented a "hiring freeze" that impacted the  recruitment for "Strategic Positions."  Before the hiring freeze, in August 2019, Plaintiff had received her first performance evaluation, which reflected an overall rating of "meets expectations." JACOBS had given Plaintiff at least two merit increases in compensation.  The last merit increase Plaintiff received from JACOBS was in December 2019. When Plaintiff was directed to solely focus on "Strategic Positions," Plaintiff had not received any information or counseling related to poor performance.

15.    On or about August 3, 2020, JACOBS launched an action plan to propel black employees to higher levels.  Consequently, Plaintiff advocated to JACOBS' senior leaders in California for a diverse interview panel in the hiring of the Southern California Operations leader, as the current interview panel consisted of all Caucasian men.  Although, the interview panel was later changed to add two females (one of whom was African American), a Caucasian woman was selected over a more qualified African American woman.

16.    In September 2020, JACOBS implemented layoffs, which included four recruiters; one (1) talent acquisition professional associate; two (2) talent acquisition professional career level; and one (1) HR Employee Services Support Senior.  Among the recruiters laid-off; one (1) was under 40 years old; one (1) was active in Harambee; and one (1) was active in Enlace Network Group. At the time of these layoffs Plaintiff was not notified by JACOBS that she was being considered for layoff then or in the near future.

17.    In or about October 2020, Loner issued Plaintiff a second performance evaluation which rated Plaintiff as "underperforming."  Prior to this second performance evaluation, Plaintiff had not received and JACOBS had not issued any prior counseling or verbal and/or written warnings or notices that she was "underperforming."  According to this second performance evaluation: Plaintiff struggled to

COMPLAINT FOR DAMAGES

- 4

bring new talent into the business; Plaintiff needs to be more of a leader than transactional; Plaintiff needs improvement in ensuring JACOBS is delivering strategic talent to the business; and that Plaintiff is more tactical and productive in staff meetings.  Loner made specific reference to Plaintiff's involvement in Harambee and Plaintiff's ideas about being more inclusive while rating Plaintiff as underperforming in athe area of leadership.

18.    On or about November 16, 2020, Loner gave Plaintiff a 15-day notice of termination, effective December 1, 2020, which came as  big surprise to Plaintiff.  According to Loner, Plaintiff was being laid-off because she was among those who were underperformers. JACOBS never gave Plaintiff a performance improvement plan, training or counseling to improve her work performance. Plaintiff was the only African American Senior Recruiter that was laid off.  After Plaintiff's termination, Barber, who had less experience and seniority than Plaintiff, replaced Plaintiff and assumed Plaintiff's responsibilities.

## FIRST CAUSE OF ACTION
### (Discrimination against Defendants)

19.    Plaintiff hereby incorporates by reference Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.    At all times mentioned in this complaint JACOBS is an employer covered under California Government Code §12940 and Plaintiff is an employee of JACOBS.

21.    At all times mentioned in this complaint JACOBS had a pattern and practice of discriminating against African Americans and/or persons of brown skin complexion with respect to work assignments, discipline, lay-offs, hiring and terms and conditions of employment.

22.    At all times mentioned in this complaint, as it related to the terms and conditions of employment, work assignments, discipline and lay-off, JACOBS intentionally treated Plaintiff differently and less favorable than non-African Americans based on race and/or the color of Plaintiff's skin.

23.    Plaintiff's race/color was a substantial motivating reason for JACOBS's decision to reduce Plaintiff's work assignments, administer to Plaintiff a poor performance evaluation, lay-off Plaintiff and subject Plaintiff to other discriminatory terms and conditions of employment.

24.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants have engaged in other discriminatory practices against her that

COMPLAINT FOR DAMAGES

-5-

are not yet fully known. When such discriminatory practices become known to her, Plaintiff will seek leave of court to amend this Complaint in that regard.

25. Plaintiff has obtained from the California Department of Fair Employment and Housing a Right to Sue Notice authorizing this lawsuit, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference. Plaintiff has exhausted her administrative remedies.

26. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, she has sustained and continues to sustain substantial losses in earnings and other employment benefits.

27. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

28. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

29. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as provided herein.

## SECOND CAUSE OF ACTION
### (Retaliation - Violation of Government Code §12940(h) against Defendants)

30. Plaintiff hereby incorporates by reference Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Defendants at all times relevant herein had actual and constructive knowledge of the conduct described in Paragraphs 1-29

32. Plaintiff engaged in protected activity, inter alia, when she opposed discriminatory practices against African Americans and opposed JACOBS' management of using racially derogatory

COMPLAINT FOR DAMAGES

-6

terms in describing the peaceful actions of African Americans. When Defendants discovered the nature of Plaintiff's opposition(s) to racial discrimination, they subjected her to adverse employment action(s), including but not limited to terminating her from employment.

33. Plaintiff's protected activity was a motivating reason for Defendants' decision to subject Plaintiff to adverse employment actions, including terminating her employment.

34. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants have engaged in retaliatory practices against her that are not yet fully known. When such retaliatory practices become known to her, Plaintiff will seek leave of court to amend her Complaint in that regard.

35. Plaintiff has obtained from the California Department of Fair Employment and Housing a Right to Sue Notice authorizing this lawsuit, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference. Plaintiff has exhausted her administrative remedies.

36. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in earnings and other employment benefits. Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

37. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

38. As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

39. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as provided herein.

COMPLAINT FOR DAMAGES

-7

## THIRD CAUSE OF ACTION
### (Wrongful Termination in violation of public policy - against Defendants)

40. Plaintiff hereby incorporates by reference Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. At all times mentioned in this Complaint, California Government Code sections 12940 embody fundamental, substantial, and well-established public policies of the State of California.

42. Plaintiff was subjected to working conditions that violated California Government Code sections 12940, described in the paragraphs above, in that Defendants subjected Plaintiff to unfair and different treatment based on age, sex, race and/or color and retaliation for opposing racial and sex discrimination.

43. Plaintiff believes and thereon alleges that her age, sex, race and/or color and her opposition to unlawful discrimination based on sex, race and/or color were substantial factor in the Defendants' termination of her employment in violation of public policy.

44. As a proximate result of Defendants' willful, knowing, and intentional acts, Plaintiff has sustained and continues to sustain substantial losses in earning and other employment benefits.

45. As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff she has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

46. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

47. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as provided herein.

COMPLAINT FOR DAMAGES

- 8

## FOURTH CAUSE OF ACTION
### (VIOLATION OF LABOR CODE §1102.5 – against all Defendants)

48. Plaintiff hereby incorporates by reference Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. At all times mentioned in this Complaint, California Labor Code Section 1102.5(b) was in full force and effect. Section 1102.5(b) states, in relevant part,

> "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency...or providing information to...any public body conducting an investigation...if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute..."

50. JACOBS terminated Plaintiff because its supervisors and/or managers believed that Plaintiff would disclose to governmental contracting agencies that JACOBS was not in compliance with "OFCCP" guidelines. At the time Plaintiff was terminated, Plaintiff had a reasonable belief that JACOBS was not in compliance with "OFCCP" guidelines as it related to diversity in hiring practices.

51. Defendants' treatment of Plaintiff as described in paragraph 50 above, was in violation of California Labor Code Section 1102.5(b). JACOBS intentionally created or knowingly permitted these retaliatory actions against Plaintiff.

52. As a proximate result of Defendants' willful, knowing, and intentional acts, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

53. As a proximate result of Defendants' willful, knowing, and conduct against Plaintiff, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

54. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting

COMPLAINT FOR DAMAGES

-9

to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff thus is entitled to recover punitive damages from Defendants in an amount according to proof.

55.     Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

WHEREFORE, Plaintiff requests relief as provided herein.

## PLAINTIFF PRAYS FOR A JURY TRIAL

## AS TO ALL CAUSES OF ACTION

1.     That Plaintiff be awarded general and compensatory damages according to proof at trial;

2.     That Plaintiff be awarded prejudgment interest according to Civil Code §3287(a), costs of suit, including reasonable attorney's fees, plus interest as provided by law;

3.     Defendants' conduct warrants the assessment of punitive damages pursuant to Civil Code §3294 in an amount according to proof at trial and sufficient to punish and deter others from similar misconduct.

4.     That this court awards such further relief as it deems just and proper, including attorney fees and costs pursuant to statute.

Dated this 16th day of July 2022

Anita Grace Edwards
(#189468)

COMPLAINT FOR DAMAGES

- 10

# EXHIBIT A

STATE OF CALIFORNIA | Busin: ____ onsumer Services and Housing Agency                                         GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                         KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 26, 2021

Raquel Martin
1040 East Freeland Street
Long Beach, California 90807

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202108-14516519
      Right to Sue: Martin / Jacobs Engineering Group, Inc.

Dear Raquel Martin:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 26, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Busin.     Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                               KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing